UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| SYLVIA LIMONES, | ) | No. ED CV 05-00638-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff's first issue is that the ALJ failed to properly

consider lay witness evidence; specifically, a third party report completed by Plaintiff's boyfriend, a Mr. Cooper. (Joint Stipulation ["JS"] 3, AR 135-143.)  Plaintiff notes that in his Questionnaire notes, Mr. Cooper indicated that Plaintiff has problems with concentration, memory, and understanding, and that she can't walk more than 100 feet before needing rest. (AR 140.)  She also has problems getting along with authority figures. (Id.)[1]

Plaintiff's principal argument is that the ALJ erred because she was required to discuss lay witness testimony in her decision. Further, Plaintiff believes that while the ALJ can reject testimony or evidence from such lay witnesses, this can only be done if she gives reasons which are relevant or germane to each such witness. (JS at 3.) The Court does not view the ALJ's legal obligations as does Plaintiff.

Certainly, pertinent regulations require that an ALJ must consider evidence pertaining to disability from sources other than "acceptable medical sources." See 20 C.F.R. §416.913(e). Nevertheless, an ALJ is only required to specifically address significant and pertinent evidence probative to the issue of disability. See Vincent v. Heckler, 739 F.2d 1393, 1394-1395 (9th Cir. 1984.) In Vincent, the Ninth Circuit found that letters from friends and ex-employers were relevant and competent evidence because they corroborated objective evidence of disability. Where lay evidence is not supported by objective medical findings; however, it is not necessarily probative or significant, and certainly, it is not mandatory that such evidence be included in the discussion which

---

[1] The Court notes that although Plaintiff was represented by an attorney at the hearing which occurred on March 7, 2005, her boyfriend did not testify. (AR 46-90.)

1  comprises a decision.  As a lay witness, Plaintiff's boyfriend clearly
2  cannot diagnose an impairment, but can only comment on symptoms.  As
3  the Ninth Circuit recently noted, in Ukolov v. Barnhart, 420 F.3d
4  1002, 1004 (9th Cir. 2005, fn.6), "Because the testimony of a lay
5  witness encompassed only symptoms, any failure of the ALJ to
6  adequately address that testimony does not affect the outcome of this
7  case."

8  Thus, the fundamental issue, which Plaintiff fails to address, is
9  in what manner the conclusions pertaining to Plaintiff's symptoms,
10 described by her boyfriend in the Questionnaire, are corroborated by
11 objective evidence, and thereby become competent and significant
12 evidence.  Instead of explaining the connection, Plaintiff simply
13 assumes that because Mr. Cooper made these statements, they must be
14 significant and probative. (See JS at 5.)  The Court's review of the
15 AR reveals that the lay opinions offered by Plaintiff's boyfriend are
16 not substantially supported by the objective evidence, and for that
17 reason, it was not mandatory for the ALJ to include them in her
18 discussion, nor would they have changed the outcome of the case.  For
19 that reason, Plaintiff's first issue does not constitute sufficient
20 grounds for remand or reversal.

21 Plaintiff next contends that the ALJ failed to properly consider
22 her obesity.  She cites testimony at the hearing from a medical expert
23 ("ME"), Dr. Landau, who referenced not only Plaintiff's obesity, but
24 limitations related to obesity. (AR 67, 71.)  Plaintiff asserts that
25 the ALJ failed to properly evaluate her obesity.  The Court disagrees.

26 Plaintiff received a neurological evaluation on January 5, 2004
27 from Dr. Moore, at the request of the Department of Social Services.
28 (AR 213-216.)  In his report, Dr. Moore assessed Plaintiff's obesity,

3

among other things, and provided his opinion that Plaintiff had restrictions on her ability to stand and walk, and also occasional postural limitations.

At the hearing, Plaintiff testified, and the ALJ asked her specific questions about her height and weight. (AR 49.) The ME also testified, and indicated that he had reviewed all of the medical records. (AR 67.) He testified specifically that Plaintiff has obesity (Id.), and adopted the functional limitations assessed by Dr. Moore. (AR 70.) Significantly, the ME correlated Plaintiff's functional ability, and in particular some of the limitations he assessed, to her obesity. (AR 71.) Clearly, from this record, the ALJ appropriately considered the medical evidence and restrictions related to Plaintiff's obesity.

Plaintiff also seems to argue that the ALJ had an obligation to consider her obesity in combination with her other diagnosed impairments. Plaintiff's argument is undercut by the Ninth Circuit's recent ruling in Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005). There, the Ninth Circuit, among other things, found that it is the claimant's obligation, especially in a matter in which he is represented by counsel at the administrative hearing level, to assert the connection between her impairments, her obesity, and her functional limitations. Plaintiff did not do that in this case, and Burch is explicit in its holding that this was her burden.

For the foregoing reason, Plaintiff's second issue is held to be without merit.

Plaintiff's third and final issue is that the ALJ failed to make proper credibility findings.

A reading of the ALJ's decision leads to the conclusion that she

4

provided sufficiently specific findings to support her conclusion as to credibility, under the requirements of Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991).

Throughout her decision, the ALJ provided specific and substantial reasons for her rejection of Plaintiff's objective complaints. For example, Plaintiff asserted that she has seizures (AR 110, 213-214). As the ALJ noted (AR 16), Plaintiff said on a different occasion that she had not had seizures in two years. (AR 16.) Similarly, while Plaintiff testified that she could not work because she thought people were after her (AR 64), the record indicates that she received a psychological evaluation on January 5, 2004 at the request of the Department of Social Services (AR 219-225), which fails in any particular to support Plaintiff's claimed impairments. An ALJ may cite inconsistencies between allegations made by a claimant and the objective medical evidence, in determining credibility. See Thomas v. Barnhart, 278 F.3d 947, 958-959 (9th Cir. 2002).

Finally, the ALJ's observations of Plaintiff's demeanor and alertness at the hearing (AR 17) is relevant as but one factor among others in the credibility evaluation. See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999).

For these reasons, the Court finds no merit in Plaintiff's complaint as to the credibility determination rendered by the ALJ in her decision.

//
//
//
//

Based on the foregoing, the Commissioner's decision is affirmed, and Judgment will be entered dismissing this matter with prejudice.

**IT IS SO ORDERED.**

DATED: June 23, 2006

                                        /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE